# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52849, 52850, & 52851

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 13, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TERRY ANGELO DELONNIE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Orders revoking probation and execution of suspended sentences, <u>affirmed</u>; judgment of conviction and determinate sentence of fifteen years for failure to register as a sexual offender and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

PER CURIAM

In Docket No. 52849, Angelo Delonnie pled guilty to sexual abuse of a minor under sixteen years of age. I.C. § 18-1506. In Docket No. 52850, Delonnie pled guilty to two counts of possession of sexually exploitative material. I.C. § 18-15057(2)(a). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Delonnie to a unified term of twenty-five years, with a minimum period of confinement of four years, for sexual abuse of a minor under sixteen years, and to concurrent unified terms of ten years, with minimum periods of confinement of six years, for the two counts of possession of sexually exploitative material. The

1

district court ordered that Delonnie's sentences in both of these cases be served concurrently. The district court retained jurisdiction and sent Delonnie to participate in the rider program. Following completion of his rider, the district court suspended the sentences and placed Delonnie on probation.

In Docket No. 52851, Delonnie was charged with and later pled guilty to failure to register as a sexual offender, I.C. § 18-8309, and admitted to being a persistent violator, I.C. § 19-2514. In exchange for his guilty plea, additional charges were dismissed. The State filed petitions for probation violation in Docket Nos. 52849 and 52850, to which Delonnie admitted. At the sentencing/probation disposition hearing, Delonnie requested that the district court revoke his probation, but reduce his sentence in Docket No. 52849. Delonnie also requested that the district court revoke his probation and order execution of his sentences in Docket No. 52850. The district court revoked Delonnie's probation and ordered execution of his original sentences without modification. With regard to Delonnie's sentence in Docket No. 52851, the district court sentenced him to a determinate term of fifteen years, to be served consecutively to his other two sentences. Delonnie appeals and makes the following arguments.

In Docket No. 52849, Delonnie does not challenge the district court's decision to revoke probation but argues that the district court should have reduced his sentence upon revocation of probation. In Docket No. 52851, Delonnie argues that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon

the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Regarding Docket No. 52850, Delonnie also argues that the district court should have reduced his sentences upon revocation of his probation. However, Delonnie acknowledges that he makes this argument mindful of the invited error doctrine because he requested the district court revoke his probation and execute his sentences. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Therefore, because Delonnie received the sentences he requested, he may not complain that the district court abused its discretion.

Therefore, the orders revoking probation and directing execution of Delonnie's previously suspended sentences in Docket Nos. 52849 and 52850 and his judgment of conviction and sentence in Docket No. 52851 are affirmed.